**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 23-152 (SNR/TNL)**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JORDAN KENNETH EDWARDS,
a/k/a "J-Bird,"

    Defendant.

**PLEA AGREEMENT
AND SENTENCING
STIPULATIONS**

The United States of America and Jordan Kenneth Edwards, (hereinafter referred to as the "Defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the Defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** The Defendant agrees to plead guilty to Count 1 of the Indictment, which charges the Defendant with Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and Count 2 of the Indictment, which charges the Defendant with Possessing a Firearm as a Felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). The Defendant fully understands the nature and elements of the crimes with which


SCANNED
FEB 1 2 2024
U.S. DISTRICT COURT ST. PAUL

he has been charged. At the time of sentencing, the Government agrees to move to dismiss Count 3 of the Indictment.

2. **Factual Basis.** The Defendant is pleading guilty because he is in fact guilty of Counts 1 and 2 of the Indictment. In pleading guilty, the Defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

On or about December 13, 2022, in the State and District of Minnesota, law enforcement lawfully executed a search warrant on a residence in which the Defendant resided. In the Defendant's bedroom, officers found in a dresser drawer a loaded Smith & Wesson, model SW40VE, .40 caliber semi-automatic pistol, bearing serial number DWX9717 and approximately 15 grams of a mixture and substance containing a detectable amount of cocaine that was located in individually wrapped bindles. The Defendant stipulates that he knowingly possessed at least 11.2 grams of cocaine for the purpose of distribution.

At the time he possessed the firearm on December 13, 2022, the Defendant had been previously convicted of the following crimes, each of which was punishable by imprisonment for a term exceeding one year:

| Conviction | Location | Date |
|---|---|---|
| First Degree Damage to Property | Hennepin County, MN | December 15, 2009 |
| State Lottery Fraud-Claim Prize by Fraud/Deceit | Hennepin County, MN | October 12, 2021 |

Prior to December 13, 2022, the Defendant knew that he had been previously convicted of at least one crime punishable by imprisonment for a term exceeding one year. The Defendant agrees that his possession of the firearm was in or affecting interstate commerce because the Smith & Wesson semi-automatic pistol he possessed was manufactured outside the State of Minnesota, and thus necessarily crossed state lines prior to his possessing it on or about December 13, 2022.

The Defendant agrees that the Smith & Wesson semi-automatic pistol was stolen and that he was in knowing possession of the firearm.

The acknowledges that, in connection with this investigation, law enforcement agents searched the contents of his Facebook account, which contained photos and videos of the Defendant in possession of multiple other firearms between at least July 2020 through December 2022. The Defendant admits also that he was in possession of a firearm on or about March 10, 2023 while in the same residence that was searched on December 13, 2022.

The Defendant stipulates that he acted voluntarily and he knew his

actions violated the law.

3. **Waiver of Pretrial Motions.** The Defendant understands and agrees that he has certain rights to file pre-trial motions in this case. As part of the plea agreement, and based upon concessions of the United States within this plea agreement, the Defendant knowingly, willingly, and voluntarily gives up the right to file any pre-trial motions in this case. The Defendant agrees that, by pleading guilty, he is withdrawing any motions previously filed.

4. **Waiver of Constitutional Trial Rights.** The Defendant understands that he has the right to go to trial. At trial, the Defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The Defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The Defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the Defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The Defendant understands that a guilty plea is a complete and final admission of guilt and,

if the Court accepts the guilty plea, the Court will adjudge the Defendant guilty without a trial.

5. **Additional Consequences**. The Defendant understands that as a result of his conviction, he could experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

6. **Statutory Penalties**.

6.1  The parties agree that Count 1 of the Indictment carries statutory penalties of:

    a. a maximum term of 20 years' imprisonment;

    b. a supervised release term of at least three years;

    c. a fine of up to $1,000,000; and

    d. a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A).

6.2  The parties agree that Count 2 of the Indictment carries statutory penalties of:

    a. a maximum term of 15 years' imprisonment;

    b. a supervised release term of not more than three years;

    c. a fine of up to $250,000; and

    d. a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A).

7. **Revocation of Supervised Release.** The Defendant understands that if the Defendant were to violate any supervised release condition while on supervised release, the Court could revoke the Defendant's supervised release, and the Defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The Defendant also understands that as part of any revocation, the Court may include a requirement that the Defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

8. **Guideline Calculations.** The parties acknowledge that the Defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq*. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

Count 1:

    a. Base Offense Level. The parties agree that, based on the total converted drug weight of the controlled substances, the base offense level for Count 1 of the Indictment is **12**. U.S.S.G. § 2D1.1(c)(14).

    b. Specific Offense Characteristics. The parties agree that a **2-level** enhancement applies because the Defendant

      possessed a firearm in connection with the offense. U.S.S.G. § 2D1.1(b)(1).

  c.   <u>Chapter 3 Adjustments</u>. The parties agree that, other than acceptance of responsibility, no other Chapter 3 adjustments apply.

<u>Count 2:</u>

  d.   <u>Base Offense Level</u>. The parties agree that, because the Defendant was a prohibited person at the time he committed the offense, the base offense level for Count 2 is **14**. U.S.S.G. § 2K2.1(a)(6)(A).

  e.   <u>Specific Offense Characteristics</u>. The parties agree that a **2-level** enhancement applies because the Defendant possessed three firearms. U.S.S.G. § 2K2.1(b)(1)(A). The parties agree that a **2-level** enhancement applies because the Smith & Wesson semi-automatic pistol was stolen. U.S.S.G. § 2K2.1(b)(4)(A). The parties agree that a **4-level** adjustment applies because the Defendant possessed the firearm in connection with another felony offense. U.S.S.G. § 2K2.1(b)(6)(B).

  f.   <u>Chapter 3 Adjustments</u>. The parties agree that, other than acceptance of responsibility, no other Chapter 3 adjustments apply.

  g.   <u>Grouping</u>. Count 1 is grouped with Count 2 pursuant to U.S.S.G. § 3D1.2(c). Because Count 1 is within 8-levels of Count 2, a 1-level increase applies. U.S.S.G. § 3D1.4(b). The resulting offense level is **23**.

  h.   <u>Acceptance of Responsibility</u>. The United States agrees to recommend that the Defendant receive a **2**-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As the Defendant has timely notified the United States of his intention to enter a plea of guilty, the United States agrees to recommend that the Defendant receive an additional **1**-level reduction pursuant to U.S.S.G. § 3E1.1(b).

Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the Defendant understands and agrees that the United States' recommendations are conditioned upon the following: (1) the Defendant testifies truthfully during the change of plea and sentencing hearings; (2) the Defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the Defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing, including frivolously denying facts in the Presentence Report. Nothing in this agreement limits the right of the United States, pursuant to U.S.S.G. § 3E1.1, or § 3C1.1, or both, to seek denial of a reduction for acceptance of responsibility or an enhancement for obstruction of justice should the Defendant engage in any conduct inconsistent with acceptance of responsibility, including moving to withdraw his guilty plea after it is entered.

h. <u>Criminal History Category</u>. The parties believe that, at the time of sentencing, the Defendant will fall into Criminal History Category **III**. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The Defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The Defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the Defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

i. <u>Guideline Range</u>. If the adjusted offense level is **20 (14 + 2 + 2 + 4 + 1 - 3)**, and the criminal history category is **III**, the Sentencing Guideline range is **41 – 51** months' imprisonment.

j.     <u>Fine</u>. If the adjusted offense level is **20**, the applicable fine range is **$15,000** to **$1,000,000**. U.S.S.G. § 5E1.2(c)(3).

k.     <u>Supervised Release</u>. The Defendant is subject to a term of supervised release of at least **3** years. 21 U.S.C. § 841(b)(1)(C).

9. **<u>Discretion of the Court</u>**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable guideline factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines. If the Court determines that the applicable guideline calculations or the Defendant's criminal history category are different from that stated above, such a determination shall not provide a basis for the parties to withdraw from this agreement, and the Defendant will be sentenced pursuant to the Court's determinations.

10. **<u>Agreements as to Sentencing Recommendation</u>**. The parties are free to recommend whatever sentence they deem appropriate. The parties reserve the right to make a motion for departures from the applicable Guidelines range pursuant to 18 U.S.C. § 3553(a), to oppose any such motion made by the opposing party, and to argue for a sentence outside the applicable

Guidelines range. If the Court does not accept the sentencing recommendation of the parties, the Defendant will have no right to withdraw his guilty plea.

11. **Special Assessments**. The Sentencing Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the Defendant is convicted. U.S.S.G. § 5E1.3. The Defendant agrees that the special assessment is due and payable at the time of sentencing.

12. **Forfeiture**. The Defendant agrees to forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a)(1) and (2), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of that offense, including but not limited to a Smith & Wesson, model SW40VE, .40 caliber semi-automatic pistol, bearing serial number DWX9717 seized by law enforcement from the Defendant's residence on December 13, 2022, and any associated ammunition and accessories.

The Defendant agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have in the property. The Defendant waives all statutory and constitutional defenses to the forfeiture and consents to the destruction of the firearms and ammunition.

13. **Waivers of Appeal and Collateral Attack.** The Defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the Defendant's waiver of the right to appeal guilt or innocence, sentence and restitution, and the constitutionality of the statutes to which the Defendant is pleading guilty. The Defendant also waives the right to petition under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel, or upon future retroactive and substantive changes to the law.

The Defendant has discussed these rights with the Defendant's attorney. The Defendant understands the rights being waived, and the Defendant waives these rights knowingly, intelligently, and voluntarily.

The United States agrees to waive its right to appeal any sentence.

14. **FOIA Requests.** The Defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

15. **Complete Agreement.** This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the Defendant. By signing this plea agreement, the Defendant acknowledges: (a) that the Defendant has read the entire agreement and has reviewed every part of it with the Defendant's counsel; (b)

that the Defendant fully understands this plea agreement; (c) that no promises, agreements, understandings, or conditions have been made or entered into in connection with his decision to plead guilty, except those set forth in this plea agreement; (d) that the Defendant is satisfied with the legal services and representation provided by defense counsel in connection with this plea agreement and matters related to it; (e) that the Defendant has entered into this plea agreement freely, voluntarily, and knowingly; and (f) that the Defendant's decision to plead guilty in accord with the terms and conditions of this plea agreement is made of the Defendant's own free will.

Dated: 2/1/24

ANDREW M. LUGER
United States Attorney

BY: ESTHER SORIA MIGNANELLI
CARLA BAUMEL
Assistant United States Attorneys

Dated: 2-9-24

Jordan Edwards

JORDAN KENNETH EDWARDS
Defendant

Dated: 2/9/24

JAMES M. VENTURA
Counsel for Defendant